**SIGNED THIS: January 29, 2014**

_____
**Gerald D. Fines
United States Bankruptcy Judge**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CASEY J. RAPSON, | ) Bankruptcy Case No. 11-90522 |
| | ) |
| Debtor. | ) |

OPINION

This matter having come before the Court on Debtor, Casey Rapson's Motion for Summary Judgment on Creditor, Prospect Bank's Objection to Debtor's Exemption Claim and the response thereto by Creditor, Prospect Bank; the Court, having reviewed written memoranda of law filed by the parties and the record of Debtor's bankruptcy proceeding and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy procedure 7056. Rule 56(c) reads in part:

> (T)he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c); See also: Dugan v. Smerwick Sewerage Co., 142 F.3d 398, 402 (7th Cir. 1998). The primary purpose for granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. Trautvetter v. Quick, 916 F.2d 1140, 1147 (7th Cir. 1990); In re JII Liquidating, Inc., 341 B.R. 256, 263 (Bankr. N.D. Ill. 2006) (citations omitted). The burden is on the moving party to show that no genuine issue of material fact is in dispute. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 585-586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). All reasonable inference drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. Parkins v. Civil Constructors of Illinois, Inc., 163 F.3d 1027, 1032 (7th Cir. 1998). "Summary judgment is not an appropriate occasion of weighing the evidence; rather the inquiry is limited to determining if there is a genuine issue for trial." Lohorn v. Michal, 913 F.2d 327, 331 (7th Cir. 1990).

The decision in this matter is governed by 735 ILCS 5/12-1001, which clearly states that, if a debtor owns property exempt under that section and he or she purchased that property with the intent of converting non-exempt property into exempt property or in fraud of his or her creditors, that property shall not be exempt from judgment, attachment, or distress for rent. The main issue in the instant adversary proceeding concerns whether a life insurance policy on the life of Chris Rapson was purchased in fraud of the creditors of Chris Rapson and the Debtor herein, Casey J. Rapson. While the parties, in particular the Debtor, agree that many of the material facts in this matter are not disputed, the Court finds that it is unable to decide this matter on the Debtor's Motion for Summary Judgment.

The ultimate decision in this matter will depend upon whether it can be found that the life insurance policy at issue was purchased with funds obtained in fraud of the Debtor's creditors.

In making this decision, the Court will have to determine the intent of Debtor, Casey J. Rapson. The analysis of the intent and conduct of Debtor, Casey J. Rapson, will necessarily be fact intensive. The Court will need to determine the Debtor's involvement in the parties' business, her knowledge of the actions of her husband, Chris Rapson, in conducting his business affairs, and the Debtor's knowledge of the financial condition of the parties' business. In reviewing the extensive briefs filed by the parties, the Court must conclude that it cannot determine the issue of the Debtor's intent as to her creditors based solely upon the facts which the parties agree to. The Debtor's credibility will be a key component of any decision by this Court, and that credibility cannot be judged on the facts presently before the Court. This being the case, the Court must find that Debtor, Casey Rapson's Motion for Summary Judgment on Creditor, Prospect Bank's Objection to Debtor's Exemption Claim must be denied.

###